**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MCKINLEYVILLE UNION SCHOOL DISTRICT**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF EDUCATION**, *et al.*, <br> Defendants. | Case No. 4:25-cv-09105-YGR <br><br> **ORDER DENYING WITHOUT PREJUDICE PRELIMINARY INJUNCTION AS DUPLICATIVE** <br><br> Dkt. No. 19 |

This action parallels *State of Washington, et al v. United States Dep't of Ed.*, Case No. 25-1228-KKE pending in the Western District of Washington. There, on December 19, 2025, the United States District Court granted plaintiff all the substantive relief requested here. *State of Washington*, Case No. 25-1228-KKE, Dkt. No. 269. Nonetheless, plaintiff seeks the same relief as a prophylactic measure in the event that a subsidiary legal argument on standing, which was rejected by that court, prevails some time in the future. Such concerns are too speculative to satisfy the element of imminent harm required for a such extraordinary relief. Plaintiff has provided no authority that an injunction should be granted in that circumstance. Should the procedural posture change, plaintiff may re-petition the Court as a process exists to grant emergency relief.

The Court briefly recounts the procedural posture.

*On November 20, 2025,* plaintiff filed a Motion for Preliminary Injunction, ECF No. 19, and on December 4, 2025, defendants filed their opposition, ECF No. 25;

*On December 4, 2025*, after defendants filed that opposition, the Ninth Circuit issued a per curium opinion in *State of Washington, et al. v. United States Dep't of Education, et al.*, No. 25-7157 (9th Cir. 2025), denying defendants' motion for an emergency stay of the preliminary

injunction already entered in that action on October 27, 2025;

*On December 19, 2025,* the district court in *Washington, supra*, issued a 36-page opinion granting the plaintiff States' motion for partial summary judgment and permanently enjoined defendants from the following:

> a. "Considering new priorities or any other information that is not relevant and similar to the information listed in 34 C.F.R. § 75.253(b) when determining whether a grant within Plaintiff States has met the requirements for a continuation award under 34 C.F.R. § 75.253(a).
>
> b. Implementing or enforcing through any means the Directive procedure, the discontinuation notices, or reconsideration denial letters, including recompeting Grant funds, with respect to any discontinued Grant within Plaintiff States. To the extent that this injunction will lead to a lapse in the Grant funding, the Court suspends the lapse while this lawsuit plays out. *See Goodluck v. Biden*, 104 F.4th 920, 928 (D.C. Cir. 2024).
>
> c. Denying a continuation award based on performance issues, if any, caused by the Department's actions challenged in this case and their disruptive effects."

*State of Washington*, Case No. 25-1228-KKE, Dkt. No. 269 at 35.

*On December 23, 2025,* the Washington court then ordered defendants to: (i) make lawful determinations by December 30, 2025; (ii) issue continuation awards by December 31, 2025, with the budget starting on January 1, 2026, consistent with 34 C.F.R. § 75.253(d); and (iii) file a status report no later than January 5, 2026, identifying which discontinued grantees with plaintiff States received a continuation award and which did not receive a continuation award and providing an explanation as to the basis for each of those adverse determinations. *Id.*, Dkt. No. 273 at 2.

Thus, defendants have already been ordered to comply with the terms of that order regarding funding, which is to occur this week with status reports due next week.

Preliminary injunctive relief is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, plaintiffs must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008). Such relief has already been granted to plaintiff. Plaintiff cites no authority for the proposition that it should be granted identical substantive relief in a parallel action just to provide comfort regarding a subsidiary argument.

Should actual emergency relief be necessary in the future, plaintiff can contact the Court immediately with an emergency filing which triggers an emergency notification process and a notice to the chambers email.

**IT IS SO ORDERED**.

Date: December 29, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3